UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION
CASE NO.:

Irma Y. Ortega
and other similarly situated individuals,

    Plaintiff(s),

v.

Nutraluxe Global LLC,

    Defendant,

_____/

**COLLECTIVE ACTION COMPLAINT**
(OPT-IN PURSUANT TO 29 USC § 216(b))

Comes now the Plaintiff Irma Y. Ortega, and other similarly situated individuals, by and through the undersigned counsel, and hereby sue Defendant Nutraluxe Global LLC, and alleges:

Jurisdiction Venues and Parties

1. This is an action to recover money damages for unpaid overtime wages under the United States laws. This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 USC § 201-219 (Section 216 for jurisdictional placement) ("the Act").

2. Plaintiff Irma Y. Ortega is a resident of Lee County, Florida. Plaintiff is a covered employee for purposes of the Act.

3. Defendant Nutraluxe Global LLC (from now on, Nutraluxe Global, or Defendant) is a foreign limited liability company registered to perform business in Florida. Defendant has a place of business in Fort Myers, Lee County, Florida, where Plaintiff worked for Defendant.

4. At all times material, Defendant was and is engaged in interstate commerce, and it was the employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 USC § 203(d)].

5. All the actions raised in this complaint took place in Lee County, Florida, within this Court's jurisdiction.

## General Allegations

6. This cause of action is brought by Plaintiff Irma Y. Ortega as a collective action to recover from the Defendant overtime compensation, liquidated damages, costs, and reasonable attorney's fees under the provisions of the Fair Labor Standards Act, as amended, 29 USC § 201 *et seq* (the "FLA or the "ACT") on behalf of Plaintiff and all other current and former employees similarly situated to Plaintiff ("the asserted class") and who worked more than forty (40) hours during one or more weeks on or after April 2019, (the "material time") without being adequately compensated.

7. Defendant Nutraluxe Global is a manufacturer of cosmetics and skincare products. Defendant has facilities located at 12801 Commonwealth Dr. Suites 1-10, Fort Myers, FL 33913, where Plaintiff worked.

8. Defendant Nutraluxe Global employed Plaintiff Irma Y. Ortega as a non-exempted, full-time, hourly employee from March 2016 to April 12, 2022, or more than six years. However, for FLSA purposes, Plaintiff's relevant period of employment is 155 weeks.

9. Plaintiff had duties as a production and packing employee. Plaintiff's last wage rate was $14.42 an hour. Plaintiff's overtime rate should be $21.63 an hour.

10. While employed by Defendant, Plaintiff had a regular schedule, and she worked five days per week. From Monday to Friday, Plaintiff worked from 8:30 AM to 5:00 PM (8.30 hours each day), or 42.5 weekly. Plaintiff was paid for 40 regular hours. Defendant automatically deducted 30 minutes daily for lunchtime.

11. However, Plaintiff was not able to take bonafide lunch periods at least three times per week. Defendant deducted 1.5 hours of lunchtime, regardless of the fact that Plaintiff continued working during her lunchtime.

12. This time, improperly deducted as lunchtime, constitutes 1.5 unpaid overtime hours every week.

13. Moreover, for the last 24 weeks of employment with Defendant, Plaintiff was not allowed to take bonafide lunch periods during the entire workweek, but Defendant deducted from Plaintiff's working hours 2.5 hours per week anyways.

14. This time, deducted as lunchtime, constitutes 2.5 unpaid overtime hours.

15. As a result, Plaintiff is owed 1.5 overtime hours for 131 weeks and 2.5 overtime hours for the last 24 weeks.

16. Plaintiff clocked in and out, and Defendant was able to track the hours worked by Plaintiff and other similarly situated employees. Plaintiff worked under the supervision of Ericka Fernandez, who demanded Plaintiff to work on her lunchtime.

17. Therefore, Defendant willfully failed to pay Plaintiff overtime hours at the rate of time and one-half his regular rate for every hour that they worked over forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 USC 207(a)(1).

18. Plaintiff was paid bi-weekly with checks and paystubs that did not show the actual number of hours worked.

19. On or about April 12, 2022, Plaintiff left her position because she could not stand the workplace harassment from her supervisor anymore. 2021.

20. Plaintiff Irma Y. Ortega intends to recover half-time overtime, for every hour over 40 weekly, during her entire relevant period of employment with Defendant, liquidated damages, and any other relief as allowable by law.

## Collective Action Allegations

21. Plaintiff brings this action pursuant to the Fair Labor Standards Act, 29 USC §§201, *et seq.* ("the Act"). Section 216 (b) for jurisdictional placement).

22. Plaintiff contends that Defendant, in this case, violated the Fair Labor Standards Act by failing to pay Plaintiff and other similarly situated individuals the proper compensation for overtime hours worked at the rate of time and one-half her regular rate.

23. This action is intended to include any production and packing employee and any similarly situated individuals who worked for Defendant at any time during the past three (3) years.

## COUNT I: WAGE AND HOUR FEDERAL STATUTORY VIOLATION; FAILURE TO PAY OVERTIME; AGAINST ALL DEFENDANT

24. Plaintiff Irma Y. Ortega re-adopts every factual allegation stated in paragraphs 1-23 above as if set out in full herein.

25. Defendant Nutraluxe Global was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 USC § 203(r) and 203(s)(1)(A). Defendant is a manufacturer of cosmetics and skin care products. Defendant

had more than two employees recurrently engaged in commerce or the production of goods for commerce by regularly and recurrently using the instrumentalities of interstate commerce to accept and solicit funds from non-Florida sources; by using electronic devices to authorize credit card transactions by ordering products and supplies produced out of State. Upon information and belief, the annual gross revenue of the Employer/Defendant was always more than $500,000 per annum. Therefore, there is FLSA enterprise coverage.

26. Plaintiff and those similarly situated were employed by an enterprise engaged in interstate commerce. Plaintiff was a production employee. Plaintiff handled and worked with goods and materials that were moved in interstate commerce at any time during the business. Therefore, there is individual coverage.

27. Defendant Nutraluxe Global employed Plaintiff Irma Y. Ortega as a non-exempted, full-time, hourly employee from March 2016, to April 12, 2022, or more than 6 years. However, for FLSA purposes, Plaintiff's relevant period of employment is 24 weeks.

28. Plaintiff had duties as a production and packing employee. Plaintiff's last wage rate was $14.42 an hour. Plaintiff's overtime rate should be $21.63 an hour.

29. While employed by Defendant, Plaintiff had a regular schedule, and she worked five days per week. From Monday to Friday, Plaintiff worked from 8:30 AM to 5:00 PM (8.30 hours each day), or 42.5 weekly. Plaintiff was paid for 40 regular hours. Defendant automatically deducted 30 minutes daily for lunchtime.

30. However, Plaintiff was not able to take bonafide lunch periods at least three times per week. Defendant deducted 1.5 hours of lunchtime, regardless of the fact that Plaintiff continued working during her lunchtime.

31. This time, improperly deducted as lunchtime, constitutes 1.5 unpaid overtime hours every week.

32. Moreover, for the last 24 weeks of employment with Defendant, Plaintiff was not allowed to take bonafide lunch periods during the entire workweek, but Defendant deducted from Plaintiff's working hours 2.5 hours per week.

33. This time, deducted as lunchtime, constitutes 2.5 unpaid overtime hours.

34. As a result, Plaintiff is owed 1.5 overtime hours for 131 weeks, and 2.5 overtime hours for the last 24 weeks.

35. Plaintiff clocked in and out, and Defendant was able to track the hours worked by Plaintiff and other similarly situated employees.

36. Therefore, Defendant willfully failed to pay Plaintiff overtime hours at the rate of time and one-half her regular rate for every hour that they worked

over forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 USC 207(a)(1).

37. Plaintiff was paid bi-weekly with checks and paystubs that did not show the actual number of hours worked.

38. The records, if any, concerning the number of hours worked by Plaintiff and those similarly situated, and the compensation paid to such employees should be in the possession and custody of Defendant. However, Defendant did not maintain accurate time records of hours worked by Plaintiff and other employees upon information and belief. Defendant violated the record-keeping requirements of FLSA, 29 CFR Part 516.

39. Upon information and belief, Defendant never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their Federal rights to overtime and minimum wage payments. Accordingly, Defendant violated the Posting requirements of 29 USC § 516.4.

40. Plaintiff is not in possession of time and payment records, but she will provide a reasonable faith estimate based on his recollections and the best of her knowledge. After discovery, Plaintiff will amend her statement of claim accordingly.

    a. <u>Total amount of alleged unpaid O/T wages</u>:

    Five Thousand Five Hundred Forty-Eight Dollars and 87/100 ($5,548.87)

    b. <u>Calculation of such wages</u>:

    Total period of employment: more than 6 years
    Relevant weeks of employment:  155 weeks
    Total hours worked:  42.5 hours weekly

    <u>1.- Overtime for 131 weeks with 1.5 O/T hours (lunchtime)</u>

    Relevant weeks: 131 weeks
    Total number of unpaid O/T hours:  1.5
    Regular rate: $14.42 x 1.5=$21.63
    O/T rate: $21.63

    $21.63 x 1.5 O/T hours=$32.45 weekly x 131 weeks=$4,250.95

    <u>2.- Overtime for 24 weeks with 2.5 O/T hours (lunchtime)</u>

    Relevant weeks: 24 weeks
    Total unpaid O/T hours: 2.5 hours (2.5 lunch hours)
    Regular rate: $14.42 x1.5=$21.63
    O/T rate: $21.63

    $21.63 x 2.5 O/T hours=$54.08 weekly x 24 weeks=$1,297.92

    Total #1, and #2: $5,548.87

    c. <u>Nature of wages (e.g., overtime or straight time)</u>:

    This amount represents unpaid overtime wages.

41. At all times material hereto, the Employer/Defendant failed to comply with Title 29 USC §207 (a) (1). In that, Plaintiff and those similarly situated performed services and worked more than the maximum hours provided

by the Act. Still, the Defendant made no provision to properly pay them at the rate of time and one-half for all hours worked over forty hours (40) per workweek as provided in said Act.

42. Defendant knew and showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act and remains owing Plaintiff and those similarly situated these overtime wages since the commencement of Plaintiff's employment with Defendant as set forth above, and Plaintiff and those similarly situated are entitled to recover double damages.

43. Defendant Nutraluxe Global willfully and intentionally refused to pay Plaintiff overtime wages at the rate of time and one half her regular rate, as required by the law of the United States, and remain owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendant as set forth above.

44. Plaintiff has retained the law offices of the undersigned attorney to represent her in this action and is obligated to pay a reasonable attorney's fee.

Prayer for Relief

Wherefore, Plaintiff Irma Y. Ortega and those similarly situated respectfully request that this Honorable Court:

A. Enter judgment for Plaintiff Irma Y. Ortega and other similarly situated individuals and against the Defendant Nutraluxe Global based on Defendant's willful violations of the Fair Labor Standards Act, 29 USC § 201 et seq.; and

B. Award Plaintiff Irma Y. Ortega actual damages in the amount shown to be due for unpaid overtime compensation for hours worked in excess of forty weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorney's fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

## Demand for a Jury Trial

Plaintiff Irma Y. Ortega demands a trial by a jury of all issues triable as of right by a jury.

Dated: April 27, 2022

Respectfully submitted,

By: __/s/ Zandro E. Palma____
ZANDRO E. PALMA, P.A.
Florida Bar No.: 0024031
9100 S. Dadeland Blvd.
Suite 1500
Miami, FL 33156

Telephone: (305) 446-1500
Facsimile: (305) 446-1502
zep@thepalmalawgroup.com
*Attorney for Plaintiff*